UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PAUL GOODMAN,

                                    Plaintiff,

     -against-

                                          Case Number 22-1813

THE BOARD OF MANAGERS OF HARBORVIEW
CONDONIMUM, RMR RESIDENTIAL REALTY, LLC,
LEHRMAN, GUTERMAN & LEHRMAN, LLP,
THE FERRARA MANAGEMENT GROUP, INC.
and FINGER & FINGER, a Professional Corporation.

                                  Defendants.
------------------------------------------------------------------------x

## COMPLAINT FOR DAMAGES AND ATTORNEY'S FEES

       Plaintiff Paul Goodman, by his attorneys Cyruli Shanks & Zizmor, LLP as his

complaint against the Defendants alleges as follows:

       1.     This is an action arising from violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and seeks to secure recovery of

damages, disgorgement of ill-gotten monies, attorneys fees, temporary, preliminary, and

permanent injunctive relief and other equitable relief, against the Defendants for

engaging in false, misleading, unfair or deceptive acts or practices including attempts to

harass Plaintiff into paying debts not owed by Plaintiff.

       2.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692–1692p, which

became effective on March 20, 1978, and has been in force since. The purpose of the

FDCPA, according to Congress, is "to eliminate abusive debt collection practices by debt

collectors, to ensure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt."

4. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), defines "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

5. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6), defines "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting

2

as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts; (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties; (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt; (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

## JURISDICTION, VENUE & PARTIES

6.     This Court has subject matter jurisdiction over the action pursuant to 15 U.S.C. §§ 1692k, 28 U.S.C. §§ 1331, and 1337(a).

7.     Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1391(b) and (c).

8.     Defendant The Board of Managers of Harborview Condominium ("Board of Managers"), is the Board of Managers of Harborview Condominium in Mamaroneck, NY which transacts business in this District.

3

9.      Defendant Lehrman, Guterman & Lehrman, LLP ("LGL") is a law firm that maintains its principle place of business in Westchester County, New York, and transacts business in this District. Defendant LGL is an entity/individual who regularly collects or attempts to collect consumer debts owed or due another.  Defendant LGL holds itself out on its website as being a debt collector.

10.     Defendant LGL has acted as a debt collector for Defendant Board of Managers, and upon information and belief, a number of other creditors (including landlords, other condominium and co-op boards and property associations).

11.     Aside from being a debt collector, Defendant LGL held itself out as the attorney and agent for Defendant Board of Managers (the principal), and where applicable, was acting within the course/natural scope of that agency relationship and/or all such actions were approved, authorized, ratified, adopted, acquiesced or consented to by Defendant Board of Managers. Upon information and belief, Defendant LGL's actions were dictated by Defendant Board of Managers and/or Defendant RMR.

12.     Defendant LGL is a "debt collector" as defined in the above-cited applicable laws.

13.     Defendant RMR Residential Realty, LLC ("RMR"), acted as managing agent and property manager of Harborview Condominium pursuant to an agreement with the Defendant Board of Managers. Defendant RMR's principal place of business is located within Westchester County, New York and RMR transacts business in this District. RMR is an entity who regularly collects or attempts to collect consumer debts owed or due another

4

14.     Defendant RMR was the billing agent and a debt collector for Defendant Board of Managers, maintained the books and records of Defendant Board of Managers and upon information and belief, performs similar functions for a number of other creditors (particularly other condominium and co-op boards and property associations).

15.     Defendant RMR is a "debt collector" as defined in the above-cited applicable laws.

16.     Defendants RMR, LGL and Board of Managers operated as a common enterprise while engaging in the deceptive and unlawful acts and practices and other violations of law alleged below.

17.     Defendant Finger & Finger, a Professional Corporation ("F&F") is a law firm that maintains its principle place of business in Westchester County, New York, and transacts in this District.  Defendant F&F is an entity/individual who regularly collects or attempts to collect consumer debts owed or due another.

18.     Defendant F&F is acting as a debt collector for Defendant Board of Managers, and upon information and belief, a number of other creditors (including landlords, other condominium and co-op boards and property associations).

19.     On its website, Defendant F&F identifies itself as a debt collector by stating that "We represent landlords owning thousands of units and process hundreds of case each month. In that regard Finger & Finger offers one (1) day turn around time on all non-payment cases."

20.     Aside from being a debt collector, Defendant F&F holds itself out as the attorney and agent for Defendant Board of Managers (the principal), and where applicable, is acting within the course/natural scope of that agency relationship and/or all

5

such actions were approved, authorized, ratified, adopted, acquiesced or consented to by Defendant Board of Managers. Upon information and belief, Defendant F&F's actions were dictated by Defendant Board of Managers and/or Defendant FMG.

21.    Defendant F&F is a "debt collector" as defined in the above-cited applicable laws.

22.    Defendant The Ferrara Management Group, Inc. ("FMG"), acts as managing agent and property manager of Harborview Condominium pursuant to an agreement with the Defendant Board of Managers. Defendant FMG's principal place of business is located within Westchester County, New York and FMG transacts business in this District. FMG is an entity who regularly collects or attempts to collect debts owed or due another

23.    Defendant FMG is the billing agent and a debt collector for Defendant Board of Managers, maintains the books and records of Defendant Board of Managers and upon information and belief, performs similar functions for a number of other creditors (particularly other condominium and co-op boards and property associations).

24.    Defendant FMG is a "debt collector" as defined in the above-cited applicable laws.

25.    Defendants FMG, F&F and Board of Managers operate as a common enterprise while engaging in the deceptive and unlawful acts and practices and other violations of law alleged below.

26.    Plaintiff, is a resident of Mamaroneck, New York and a "consumer"/"debtor" as defined under applicable laws.

## GENERAL ALLEGATIONS

27.     Plaintiff is the owner of a residential condominium unit at Harborview Condominium located at 680 West Boston Post Road, Mamaroneck, New York.

28.     Plaintiff and Defendant Board of Managers had previously been embroiled over several years in a long series of disputes, several of which have resulted in litigation in New York State Supreme Court.

29.     Defendant LGL previously acted as Defendant Board of Managers' attorney and agent in at least three separate actions against the Plaintiff, each alleging that Plaintiff owed certain sums to Defendant Board of Managers.

30.     Defendant Board of Managers utilized Defendant LGL in each of these disputes as its debt collector.

31.     Commencing in 2015, Defendant LGL, at the behest of and under the instructions of Defendant RMR and Defendant Board of Managers, engaged in and long and continuous series of violations of the FDCPA, which continue through the date hereof.

32.     At no time, although required by the FDCPA, did Defendant LGL identify itself to Plaintiff as a debt collector as required by the FDCPA.

33.     At no time, although required by the FDCPA, did Defendant LGL state in writing or otherwise to Plaintiff, that it was "attempting to collect a debt and that any information obtained will be used for that purpose," as required by the FDCPA.

34.     Defendant RMR previously acted as Defendant Board of Managers' managing agent.

35.    Defendant Board of Managers utilized Defendant RMR as a debt collector.

36.    At no time, although required by the FDCPA, did Defendant RMR identify itself to Plaintiff as a debt collector as required by the FDCPA.

37.    At no time, although required by the FDCPA, did Defendant RMR state in writing or otherwise to Plaintiff, that it was "attempting to collect a debt and that any information obtained will be used for that purpose," as required by the FDCPA.

38.    Defendant F&F currently acts as Defendant Board of Managers' attorney.

39.    Defendant Board of Managers is utilizing Defendant F&F as a debt collector.

40.    Defendant F&F, at the behest of and under the instructions of Defendant FMG and Defendant Board of Managers, has engaged in a continuous series of violations of the FDCPA, which continue through the date hereof.

41.    At no time, although required by the FDCPA, has Defendant F&F identify itself to Plaintiff as a debt collector as required by the FDCPA.

42.    At no time, although required by the FDCPA, did Defendant F&F state in writing or otherwise to Plaintiff, that it was "attempting to collect a debt and that any information obtained will be used for that purpose," as required by the FDCPA.

43.    Defendant FMG currently acts as Defendant Board of Managers' managing agent.

44.    Defendant Board of Managers is utilizing Defendant FMG as a debt collector.

45.     At no time, although required by the FDCPA, has Defendant FMG identified itself to Plaintiff as a debt collector as required by the FDCPA.

46.     At no time, although required by the FDCPA, did Defendant FMG state in writing or otherwise to Plaintiff, that it was "attempting to collect a debt and that any information obtained will be used for that purpose," as required by the FDCPA.

47.     Among the other ongoing, improper, outrageous and abusive collection activities conducted by one or more of the Defendants, both alone and with concert with each other, were:

a.  Intentionally sending correspondence and monthly carrying charge invoices to the wrong mailing address even after Plaintiff provided numerous notices of his proper mailing address, including being notified by Plaintiff in a sworn statement taken at a deposition, that invoices were not being received by Plaintiff, and then commencing law suits to collect the invoices which Defendants knew were sent to the wrong address.

b.  Commencing and continuing legal actions to collect a debt for which Defendants were aware that invoices were being sent to the wrong address and were not received.

c.  Refusing for two years to provide the Plaintiff with a Satisfaction of Judgment, as required by the New York Civil Procedure Laws and Rules ("CPLR"), of an earlier common charge lien foreclosure law suit despite the judgment having been fully satisfied, which violation continues through the date hereof.

d.  Refusing to terminate a Notice of Pendancy filed by Defendants in connection with the earlier common charge lien foreclosure law suit despite the judgment

having been fully satisfied for two years, which violation continues through the date hereof.

e. Failing to acknowledge Plaintiff's full satisfaction of the earlier foreclosure judgment and demanding additional sums that were not reflected in the foreclosure judgment under the threat of foreclosure, and then despite receiving such additional sums, not providing a "satisfaction piece" in the form of a Satisfaction of Judgment as required by the CPLR.

f. Never identifying themselves as debt collections.

g. Never providing FDCPA "Validation Notices," to Plaintiff as required by 15 U.S.C. § 1692g(a).

h. Making frivolous discovery demands in earlier law suits during the periods described herein, in an attempt to collect funds in an unrelated action, including demands for records regarding attorney escrow accounts despite contents thereof being protected by attorney-client privilege

i. Filing a motion to compel discovery in an earlier law suit even after being informed by Court officials that Defendant was not entitled to the information sought, and then, holding Plaintiff liable for legal fees for such frivolous conduct under the threat of foreclosure if the fees demanded were not paid.

j. Despite a motion to compel discovery in an earlier law suit being denied by the Court, holding the Plaintiff liable for Defendant's legal fees for denied motion under the threat of foreclosure if not paid.

k. Demanding that Plaintiff pay legal fees for frivolous and/or unrelated legal proceedings under the threat of foreclosure.

l. Failing to cease collections activity, violation of a statutory stay, by among other things, failing to inform the Westchester County Sherriff of the stay after the Defendants had requested that the Westchester County Sherriff collect on the default judgment by seizure of Plaintiff's assets.

m. Continuing an earlier foreclosure proceedings against Plaintiff despite knowing that the judgment of foreclosure had already been fully satisfied, and not notifying the Court and other parties that the judgment had been fully satisfied.

n. Failing to provide Defendant F&F with information regarding the full satisfaction of debt causing new counsel to continue to wrongfully continue with an earlier foreclosure proceeding.

o. Seeking payment from Plaintiff of sums that had been previously deposited with the Court to stay a monetary judgment in an earlier action and commencing a foreclosure action to collection such sums.

p. Attempting to collect from Plaintiff sums which are not shown on monthly invoices.

q. Failing to validate debt which Defendants Board of Managers, FMG and F&F are currently attempting to collect from Plaintiff.

r. Commencing a new common charge lien foreclosure action to collect sums already paid by the Plaintiff and/or are not due by the Plaintiff.

48.   The ongoing, improper and abusive collection activities placed a great amount of emotional upset/distress, anguish and trauma upon the Plaintiff.

49.    Defendants' conduct and acts were and are willful, knowing, intentional, in reckless disregard of the law and Plaintiff's rights, malicious and/or outrageous and

were deliberately geared or designed to oppress, abuse, harass, intimidate and/or upset Plaintiff.

## COUNT I: VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

50.      Plaintiff incorporates by reference Paragraphs 1 through 49 herein.

51.      Defendants RMR, LGL, F&F and FMG are "debt collectors" collecting "debts" from "consumers."

52.      The FDCPA was enacted to "eliminate" a number of activities and conduct on the part of debt collectors such as " abusive debt collection practices by debt collectors . . . and . . . to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Act, inter alia, also states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

53.      Section 806 of the FDCPA, 15 U.S.C. § 1692d, prohibits debt collectors from engaging in any conduct the natural consequence of which is to  harass, oppress, or abuse any person in connection with the collection of a debt.

54.      Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.     Section 809 of the FDCPA, 15 U.S.C. 15 U.S.C. § 1692g, requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is  disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56.     The Plaintiff has been the continually the object of improper collection activity arising from consumer debt.

<u>First Set of Violations</u>

57.     Defendant LGL, on a continuous basis, through at least March 31, 2021, was a debt collector as defined by FDCPA.

58.     Defendant RMR, on a continuous basis, through at least March 31, 2021, was a debt collector as defined by FDCPA.

59.     Defendant LGL despite being a debt collector and acknowledging that it is a debt collector on its website, knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA including, but not limited to, those enumerated above.

60.     Defendant RMR, despite being a debt collector as defined by FDCPA, knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA including, but not limited to, those enumerated above.

61.     Defendant LGL and Defendant RMR, acting either alone, or in concert with each other knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, as enumerated above, but not limited to one or more of the following:

a. engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

b. used false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e.

c. failed to send validation notices to Plaintiff in any of the prior disputes in violation of Section 1692g.

d. used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 1692e(10).

e. failed to provide accurate account information and mailing address to Defendants FMG and F&F which has led to a new foreclosure action brought against Plaintiff in violation of Section of 1692e(2) and 1692e(10).

f. used unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f.

g. failed to comply with FDCPA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of Section 1692.

62.    Defendants' illegal acts were reckless, intentionally and willful.

63.    All of these acts by Defendant LGL and Defendant RMR occurred on a continuous basis which continued to occur through at least March 31, 2021.

64.    In accordance with the agent-principal relationship between Defendant LGL and Defendant Board of Managers, and the agent-principal relationship between Defendant RMR and Defendant Board of Managers, Defendant Board of Managers is liable for the wrong acts of Defendant LGL and Defendant RMR.

<u>Second Set of Violations</u>

65.    Defendant F&F despite being a debt collector and acknowledging that it is a debt collector on its website, knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA including, but not limited to, those enumerated above.

66.    Defendant FMG, despite being a debt collector as defined by FDCPA, knowingly, intentionally and deliberately routinely engaged in numerous acts or

omissions prohibited by the FDCPA including, but not limited to, those enumerated above.

67.     Defendant F&F and Defendant FMG, acting either alone, or in concert with each other, and in concert with Defendant LGL and Defendant RMR, knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, as enumerated above, but not limited to one or more of the following:

a. engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Section 1692d;

b. using false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e.

c. failing to send a validation notice to the Plaintiff in violation of Section 1692g.

d. failing to obtain and provide Plaintiff with verification of debt in violation of Section 1692g.

e. using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 1692e(10).

f.  commencing a foreclosure action brought against Plaintiff for sums not owed by Plaintiff in violation Section of 1692e(2) and 1692e(10).

g.  commencing a foreclosure action brought against Plaintiff for sums not invoiced to Plaintiff in violation Section of 1692e(2) and 1692e(10).

h. using unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f.

i. failing to comply with FDCPA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692.

68.     Defendants' illegal acts were reckless, intentionally and willful.

69.     In accordance with the agent-principal relationship between Defendant F&F and Defendant Board of Managers, and the agent-principal relationship between Defendant FMG and Defendant Board of Managers, Defendant Board of Managers is liable for the wrong acts of Defendant F&F and Defendant FMG.

70.     By virtue of the foregoing, the Defendants are liable for Plaintiff's actual, compensatory and statutory damages (not to exceed $1,000.00 for each violation) and punitive damages.

## COUNT II: DISGORGEMENT

71.      Plaintiff incorporates by reference Paragraphs 1 through 70 herein.

72.     Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), authorizes this Court to grant such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendants' violations of the FDCPA, including the refund of money collected in violation of the FDCPA.

73.     By virtue thereof, the Plaintiff is entitled to disgorgement by Defendants of all sums collected by Defendants from Plaintiff as a result of the Defendants' abusive

and illegal acts, in an amount to be determined by this Court but no less than $85,000 plus interest thereon.

## COUNT III: INJUCTIVE RELIEF

74.    Plaintiff incorporates by reference Paragraphs 1 through 73 herein.

75.    Plaintiff is entitled to such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including temporary and preliminary injunctions and a permanent injunction to prevent future violations of the FDCPA by Defendants.

## COUNT IV: ATTORNEYS FEES

76.    Plaintiff incorporates by reference Paragraphs 1 through 75 herein.

77.    Pursuant to the FDCPA, Plaintiff is entitled to be reimbursed for his reasonable attorneys fees for bringing and prosecuting this action which as of the date of this Complaint exceed $25,000 and will continue to accrue through the trial of this action.

WHEREFORE Plaintiff demands judgment for damages against Defendants, for

(a) actual, compensatory and statutory damages (not to exceed $1,000.00 for each violation);

(b) punitive damages in amount no less than $100,000;

(c) disgorgement by Defendants of all sums collected by Defendants as a result of the Defendants' abusive and illegal acts in violation of the FDCPA, in an amount to be determined by this Court but no less than $85,000;

        (d) such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including temporary and preliminary injunctions;

        (e) a permanent injunction to prevent future violations of the FDCPA by Defendants;

        (f) costs of suit, attorney's fees pursuant 15 U.S.C. § 1692k, and

        (g) such other relief as the Court deems just and proper.

Dated : March 3, 2022

Cyruli Shanks & Zizmor, LLP

By: /s/ Paul Goodman

Attorneys for Plaintiff
420 Lexington Avenue
Suite 2320
New York, NY 10170
(212) 661-6800